IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FABIAN LAYTON VARGAS,       )
          )
          Petitioner,      )
          )
     v.         )     Case No. 25-3155-JWL
          )
KRISTI NOEM, Secretary,       )
    Department of Homeland Security;  )
PETE R. FLORES, Commissioner,     )
    U.S. Customs and Border Protection;  )
RICARDO WONG, Field Office Director,  )
    ICE ERO Chicago; and      )
C. CARTER, Warden, FCI-Leavenworth,  )
          )
        Respondents.    )
          )
_____)

## **<u>MEMORANDUM AND ORDER</u>**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials after he was granted deferral of removal.  For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **October 10, 2025**, and shall provide notice to this Court when that release is effected.

Petitioner is a native and citizen of Colombia.  He was brought to the United States in 2019 to face drug charges, and he was subsequently convicted in federal court of a drug conspiracy offense.  Upon his release from prison in January 2024, petitioner was taken into custody by immigration officials.  On December 4, 2025, an immigration judge

ordered petitioner's removal but granted petitioner's application for deferral of removal to Colombia under the Convention Against Torture (CAT). Petitioner is presently detained at FCI-Leavenworth within this judicial district. Petitioner filed the instant petition on August 11, 2025. Respondents have filed a response, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

As an initial matter, the Court rejects petitioner's claim based on non-compliance with the provisions of 8 C.F.R. § 241.13. Petitioner asserted that claim for the first time in his traverse, without seeking to amend his petition; the Court, however, does not ordinarily address arguments or issues raised for the first time in a reply brief. *See U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (Lungstrum, J.) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)). Moreover, petitioner has not shown that his release is warranted by any violation of that regulation. Petitioner relies on this Court's opinion in *Liu v. Carter*, 2025 WL 1696526 (D. Kan. June 17, 2025) (Lungstrum, J.), in which the Court found that officials violated Section 241.13(i) by failing to make a determination based on changed circumstances in revoking the petitioner's release and in failing to grant the required

interview after revocation. *See id.* Petitioner contends that he also was not granted an interview. Section 241.13(i) does not apply here, however, because petitioner was not subject to an order of supervised release that was then revoked. *See* 8 C.F.R. § 241.13(i). Petitioner also suggests that Section 241.13 compels respondents to make a determination concerning the likelihood of his removal in the reasonably foreseeable future, but he has not shown that he invoked the procedures in that regulation by making a written request to immigration officials for such a determination. *See id.* § 241.13(d). Petitioner has not shown that his detention is in violation of the regulation.

The Court then turns to petitioner's claim that his detention has become unreasonably indefinite and that his release is required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court has described that framework as follows:

> Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a determination of whether the alien is to be removed from the United States. Detention during this "pre-removal period" is considered definite because it terminates upon the immigration court's removal decision. *Id.* at 529.

> Upon the entry of a final removal order, the matter enters the "removal period," and the statutory authority for detention shifts to 8 U.S.C. § 1231. . . .

> After an order of removal becomes administratively final, the Attorney General "shall detain the alien" during the 90-day removal period established under 8 U.S.C. § 1231(a)(2). *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) and *Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005). Generally, the government is required to remove the alien held in its custody within the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A)–(B).

> While the government may detain an "inadmissible" or criminal alien beyond the statutory removal period, *see* 8 U.S.C. § 1231(a)(6), the government may not detain such an alien indefinitely. *Zadvydas*, 533 U.S. at 699. Instead, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *Id*. at 701. Beyond that period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The six-month presumption does not mean that every alien must be released after that time, but rather an alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

*See Anyimu v. Department of Homeland Security*, 2017 WL 193180, at \*2 (D. Kan. Jan. 18, 2017) (Lungstrum, J.); *see also Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at \*3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (quoting and applying this standard from *Anyimu*); *Madej v. Garland*, 2023 WL 1396195, at \*1-3 (D. Kan. Jan. 31, 2023) (Lungstrum, J.) (same).

The Court concludes that petitioner has met his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner has now been detained for nearly nine months since his removal order became final on January 4, 2025, well beyond the six-month period sanctioned by the Supreme Court in *Zadvydas*, and officials have still not been able to remove him or even to schedule his removal. Respondents argue that petitioner cannot meet his burden solely by showing that he has not yet been removed, but the circumstances go beyond mere delay here. As petitioner notes, he may not presently be removed to his home country of Colombia, given the deferral order still in effect; and thus, because he can only be removed to a third country

that agrees to accept him, his removal may be considered more difficult. Moreover, petitioner notes that officials have not been able even to name for him any country to which an inquiry has been made or to which petitioner might possibly be removed.

The Court further concludes that respondents have not rebutted that showing by petitioner. In a declaration submitted by respondents, an immigration official states that "DHS has attempted to remove Petitioner to alternative countries with no success." The Court does not find that statement to be very persuasive, however, as neither the declarant nor respondents have identified any particular efforts related to petitioner, or even identified any possible countries to which petitioner might be removed. The declarant further states that on one occasion in July – six months after the removal order became final, and six weeks prior to the date of the declaration – he reached out to ICE's removal operations headquarters to inquire about alternative countries; and he adds that officials will continue their efforts to identify such countries. Respondents' assertion that officials have acted with diligence in attempting to remove petitioner, however, is belied by this declaration (the only evidence submitted by respondents), which suggests that only that one inquiry has been made to headquarters, and that there have been *no* inquiries actually made to other countries throughout the whole of 2025. Again, the declaration does not identify any action that has been taken to advance the removal of petitioner to a third country.

In sum, respondents have not been able to point to any specific fact that creates a significant likelihood that, even though officials effectively have taken no affirmative steps to remove petitioner in the last nine months, petitioner will nonetheless be removed in the

reasonably foreseeable future.  Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released – subject, of course, to appropriate terms of supervision.

Accordingly, the Court grants the petition for habeas relief, and respondents are ordered to effect petitioner's release by **October 10, 2025**.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**.  Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **October 10, 2025**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 29th day of September, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge